*555 ORINION.
ApojNdell :
If petitioner’s one-fourth interest in the deferred payments under the contract may be said to be the equivalent of cash, it would seem that the deficiency determined by the Commissioner must be approved, even though petitioner reports his income on a cash receipts and disbursements basis. What the Commissioner has sought to tax as cash income is a contract right to receive one-fourth of certain deferred payments payable over several years in the future. The fact that petitioner had but a one-fourth interest in the deferred payments and the known financial weakness of the purchaser and the *556 speculative character of his undertaking would in and of themselves give one pause in saying that the deferred payments were the equivalent of cash. But we have here in addition the actual inability of petitioner to Realize on his contract right by sale, nor was he successful in pledging his interest in the contract as collateral for a loan.
Income under the statute to one reporting on a cash basis is a much more real thing. We believe under the circumstances here present petitioner was entitled to recover his capital before being charged with the receipt of a profit and we so hold. Anton M. Meyer, 3 B. T. A. 1329; cf. Leroy G. Evans v. Commissioner, 5 B. T. A. 806.
Reviewed by the Board.

Judgment will be entered on IB days' notice, under Rule 50.

SterNhageN dissents.